Good morning. I'd like to reserve three minutes for rebuttal. Mr. Lewis is here challenging his conviction for armed robbery in a subsequent 15 to 20 year sentence where his conviction rested in large part upon a confession obtained by the police through the use of false promises of leniency, deceptive representations as to what the outcome of the case would be combined with a profound lack of sleep from him that we submit to the court rendered his confession and subsequent conviction invalid. Mr. Wise, you know that the Sixth Circuit hasn't done real well recently before the Supreme Court, right? I am aware of that. And here we have a state court case where they found that the sleep and the deceptive tactics were not contrary to, were not a violation of Strickland, right? That's what the state court did. That's what we're reviewing. So we have to apply Edpa deference, right? Correct. And we have to find a Supreme Court case, not a circuit case, a Supreme Court case that says that the state court decision was contrary to that Supreme Court case, right? Or an unreasonable application of existing... Or an unreasonable application. So tell me what Supreme Court case you're relying upon that talks about either lack of sleep or deceptive tactics that says that will make a confession or can make a confession involuntary. I don't think that there's any single case applying these particular circumstances, but when the court... So if there is no single case that's applying these circumstances, that's exactly why we keep getting reversed when panels then make up their own law or apply circuit law. Well, I think it's important for the court to recognize the difference between contrary to and unreasonable application of. Okay. And we're not here saying that this is contrary to any particular Supreme Court precedent, because there is no Supreme Court precedent under exactly these circumstances. But when the court looks at the types of police conduct held by the Supreme Court to render statements involuntary, there are cases that say deceptive practices and false representations are part of the analysis. There are cases that say sleep deprivation are part of the given the conduct of the police. So what's your best Supreme Court case that you say was an unreasonable application of? Well, again, I think it's a combination of Schneckloff versus Bustamante, Lyra versus Deno, and Cluas versus Texas. All stand for the proposition that these types of police tactics in extracting a confession can render it involuntary. I don't see Cluas versus Texas even listed in your table of authorities. I got Schneckloff, what was the second one? Lyra versus Deno, or Lyra. Okay. Thank you. So, and we have to concede that we're here on habeas review. We have to concede that the Michigan Court of Appeals in this case, although they didn't particularly cite any U.S. Supreme Court precedent, applied or arguably applied the correct test. So we are here under the unreasonable application prong of edpedeference. And we submit that given the long line of cases saying that first we have to establish that confession is voluntary for it to be admissible under the 5th and 14th amendments, that the totality of the circumstances have to be considered among the things that have to be considered in determining the voluntariness of a confession are the tactics of the police, the representations that they made to Mr. Lewis, and in this case essentially Mr. Lewis comes into the police station aware that, you know, the police are looking for him in connection with this investigation. He's only had two hours of sleep the night before. He comes in. Let's just go through these one at a time. In Schneckloff, am I right that the alleged sleep deprivation was procured by the police? I think that is correct. They arrest him and they hold him against his will and don't let him go to sleep and that then could be considered coercive. Correct. And isn't that the case in all of these sleep deprivation type situations? This case is factually distinguishable from the Supreme Court cases that you've cited, aren't they? Yeah, I believe that's correct. Because otherwise if somebody comes in and wants to talk and they say you haven't had enough sleep, then you've got to go let them sleep before you can talk to them, right? That's the end result of the argument you're making. Well, I don't know that that's the logical conclusion necessarily in the absence of other coercive police tactics. The guy voluntarily showed up without a lack of sleep. Then he was lied to by the police about it. He voluntarily showed up since I didn't do it. We'll get to lying in a minute. Cluas is in your brief on page 17, even though I don't think it's in the index. I apologize. No, no, not a big deal. But that's another one where the police procured the lack of sleep, right? That's correct. So then we go to Spanos and here's where I'm not sure that I'm reading this right. You have a generalized quote from Spanos and then after that you say, in some circumstances a police officer's threats and or promises can constitute coercion that renders a defendant's statement in response thereto involuntary. But you cite there an Eastern District of Tennessee case. So I think you're citing it for the proposition in quotes, right? Not Spano. Am I with what you're saying? I think there is precedent from the Supreme Court that police misconduct or police misstatements are part of the totality of the circumstances analysis as to whether or not a confession or statement is voluntary. I mean, the reason I'm asking you is it just seems pretty well established that the police can lie to somebody. So I'm just trying to figure out if we got a case that says police can't lie. There is no case that says police can't lie. So then how can it be an unreasonable application of? Well, again, we're submitting that it's an unreasonable application of the totality of the circumstances test. Okay. And that is one of the circumstances that a court has to consider. I understand your position better now. Thank you very much. So essentially our position is that Mr. Lewis's statement was involuntary. That existing Supreme Court precedent had his trial counsel filed a motion to suppress and had that been applied by the trial court would have resulted in the suppression of his statement. Thereby satisfying both the deficient performance prong of Strickland. And as the Supreme Court noted in Arizona versus Fulminante, there's no more prejudicial type of evidence that can be presented to a jury that then a statement so that we think that we've established prejudice under the totality of the circumstances as well. And to the extent that the Michigan Supreme Court disagreed and Judge Duggan disagreed, we believe that that is an unreasonable application of the existing Supreme Court precedent and certainly ask the court to reverse and remand for issuing a writ of habeas corpus in this case. And if you don't have any other questions, I think that completes my argument. May it please the court. Jerry Skrotenborg, Special Assistant Michigan Attorney General for Respondent Appellee. Well, I too am still looking for the Supreme Court decision that deals with this matter. Lewis is claiming from general law and that's what has gotten this court and the Ninth Circuit into trouble in the Supreme Court. When it's a general, that's when deference is especially due to the state court. Well, come on. We got to give Mr. Wise a little bit of credit here. He's not going after contrary to you saying unreasonable application of, and then he's saying it's not just sleep, it's not just lying, it's the totality of the circumstances. At least it's a more plausible claim than where we usually get reversed. Of course. Well, no, not necessarily. Let's take a look at Renico versus Lett from 2010. In that particular case, the... I'm very familiar with that case. I was one of the people voting to grant habeas relief. Yes, I know. I thought that was just... It was about the grossest example I've seen of trial judge incompetence. Now, whatever the Supreme Court thought about the rest of it, I don't know. But even in that situation, and you affirmed Judge Godola from the Eastern District. Even in that situation, the Supreme Court said, it is too general a rule. Yes, I know they did, but... You're not bitter, are you? No, I'm not bitter, but I didn't come to the conclusion I came to lightly, and I have particularly strong feelings about trial judges conducting trials in an incompetent way, possibly because of my experience, during which I hope I was not incompetent. Go ahead. I'm sorry. That was a total digression between... Well, that actually shows my point. It does show your point. That is a lot worse situation than this, because, as Judge McKeague stated, we have no case that says you cannot lie. We have no case that says, on sleep deprivation, where the criminal defendant himself walks in, and the sleep deprivation isn't in any way caused by the police. And those are the only two factors that he is looking at. Now, do we have a Supreme Court case that says that this stuff... No. We do have an unpublished Sixth Circuit case that says there's no problem with telling the criminal defendant that I can make it go away is a problem. We have a case that says that that is not a violation. And when we got something like that, it makes it very difficult to find a Supreme Court decision to say that it is clearly established the other way. I'm asking the Court to affirm if you have any other questions. Can I get a question? No. Okay. Mr. Wise. And just to respond to that last point, I think the clearly established part of 2254D is not, you know, is it clearly established that these facts, you know, warrant suppression? The question is, is there a clearly established rule? There is a clearly established rule that confessions must be, can't be involuntary, can't be the result of having a defendant's will overborne by police tactics. And the rule is clearly established that the Court must consider the totality of the circumstances. And we think that when the Court does consider the totality of the circumstances in this case, reasonable jurists should not disagree that the confession in this case was obtained involuntarily and that therefore had a motion to suppress the file that would have been granted and therefore Mr. Lewis was deprived of the effective assistance of trial counsel when he failed to file that motion. Thank you. We appreciate the argument both of you have given and we'll consider the case carefully. Thank you.